IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-141 |
| | ) | |
| OSCAR CARTER | ) | |
| SHELBY SUMMER BROWN | ) | |

**FILED**
JUN 05 2018
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

### INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Jessica Lieber Smolar, Assistant United States Attorney for said district, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A Federal Grand Jury returned a three-count Indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION | DEFENDANT CHARGED |
|---|---|---|---|
| 1 | Interstate Transportation of a Minor for Purpose of Engaging in Unlawful Sexual Activity<br>March 6, 2018 | 18 U.S.C. §§ 2 and 2423(a), (d) and (e) | CARTER<br>BROWN |
| 2 | Conspiracy to Commit Sex Trafficking<br>March 6, 2018, to March 14, 2018 | 18 U.S.C. § 1594(c) | CARTER<br>BROWN |
| 3 | Sex Trafficking of a Child<br>March 6, 2018 to March 14, 2018 | 18 U.S.C. §§ 1591(a), 1591(b)(2), 1591(c), 1594(a), and 2 | CARTER<br>BROWN |

## II. ELEMENTS OF THE OFFENSES

A.   **As to Count 1:**

In order for the crime of Interstate Transportation of a Minor for Purpose of Engaging in Unlawful Sexual Activity, in violation of 18 U.S.C. §§ 2, 2423(a), (d), and (e), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly transported an individual in interstate commerce, or in any commonwealth, territory, or possession of the United States;

2. That the transported individual had not attained the age of 18 years;

3. That the defendant transported the individual with the intent that the individual engage in sexual activity for which the defendant could be charged with a criminal offense; and

4. That the defendant acted knowingly.

Title 18, United States Code, Sections 2423(a).

B.   **As to Count 2:**

In order for the crime of Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment;

2. That the defendants, knowing the unlawful purposes of the plan, willfully joined in it;

3. That the object of the unlawful plan was to knowingly or in reckless disregard of the fact that means of force, threats of force, coercion, or any combination of such means would be used to cause the person to engage in a commercial sex act; or the object of the unlawful plan was to knowingly or in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act; and

4. The acts were in or affecting interstate or foreign commerce.

Title 18, United States Code, Section 1594(c).

**C.     As to Count 3:**

In order for the crime of Sex Trafficking of a Child, in violation of 18 U.S.C. §§ 1591(a), 1591(b)(2), 1591(c), 1594(a), and 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly recruited, enticed, harbored, transported, provided, obtained or maintained, a person whom the defendant knew would be caused to engage in a commercial sex act, as that term is defined in Title 18, United States Code, Section 1591(e)(3).

Title 18, United States Code, Section 1591(a).

2. That the defendant did benefit financially or received a thing of value from the participation in a venture to engage in such acts.

Title 18, United States Code, Section 1591(a).

3. That the defendant either (a) had knowledge of the fact that the person was under 18 years of age; (b) recklessly disregarded that fact; or (c) had a reasonable opportunity to observe the person.

Title 18, United States Code, Sections 1591(a),(c); <u>U.S. v. Robinson</u>, 2012 WL 5971545 (2nd Cir. Nov. 30, 2012).

4. That the person was in fact less than 18 years old.

Title 18, United States Code, Sections 1591(a), (b)(1), (b)(2), (c).

5. That the offense was in or affecting interstate commerce.

Title 18, United States Code, Section 1591(a).

### III. PENALTIES

**A.     As to Count 1: Interstate Transportation of a Minor for the Purpose of Engaging in Unlawful Sexual Activity (18 U.S.C. §§ 2423(a), (d) and (e)):**

1. Imprisonment of not less than ten (10) years, and up to life (18 U.S.C. § 2423(a));

2. A fine of not more than $250,000.00 (18 U.S.C. § 3571(b)(3));

3. A term of supervised release of not more than five (5) years (18 U.S.C. § 3583); and

4. Any or all of the above.

**B.     As to Count 2: Conspiracy to Commit Sex Trafficking (18 U.S.C. § 1594(c)):**

1. Imprisonment of any term of years, or for life, or both. (18 U.S.C. § 1594(c)).

2. A fine of $250,000.00 (18 U.S.C. § 3571(b)(3)).

3. Supervised release of not more than five years. (18 U.S.C. § 3583(b)(1)).

4. Any or all of the above.

  **C.** **As to Count 3: Sex Trafficking of a Child (18 U.S.C. §§ 1591(a), 1591(b)(2), 1591(c), 1594(a), and 2):**

  1. Imprisonment of not less than fifteen (15) years, nor more than life if force, fraud, or coercion used (18 U.S.C. § 1591(b)(1)); or imprisonment of not less than 10 years, nor more than life if minor trafficked without force, fraud, or coercion (18 U.S.C. § 1591(b)(2)).

  2. A fine of $250,000.00 (18 U.S.C. § 3571(b)(3)).

  3. Supervised release for any term of years not less than 5, and up to life (18 U.S.C. § 3583(k)).

  4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

With respect to Counts One through Three of the Indictment, an additional special assessment of $5,000.00 must be imposed as the offenses were committed after May 29, 2015 and the offenses are located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

## V. RESTITUTION

Restitution may be required in this case as to Counts One through Three, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

JESSICA LIEBER SMOLAR
Assistant U.S. Attorney
PA ID No. 65406